**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMIE LUCKETT and HARRY OWENS,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　Case No:　6:15-cv-593-Orl-22DAB

**SANFORD AUTO DEALERS**
**EXCHANGE, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　　Motion for Settlement (Doc. No. 28)
>
> **FILED:**　　　December 15, 2015
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter

a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on representations in the parties' Joint Motion for Approval of Settlement and Dismissal (Doc. 28) and Answers to Court Interrogatories (Docs. 16, 20), Plaintiffs were employed by Defendant Sanford Auto Dealer Exchange, Inc. as detailers, cleaning vehicles, from August 2008 to February 2014 (Luckett) and October 2007 to December 2013 (Owens). They filed suit seeking "overtime" wages pursuant to the Fair Labor Standards Act (FLSA). Luckett initially sought $4,528 for overtime worked and Owens sought $3,762 for overtime and $681 for minimum wage, plus they each sought an equal amount in liquidated damages. Docs. 16, 20.

Plaintiffs claimed they worked "off the clock" and were not properly compensated for such work. Doc. 28. Plaintiffs state that they recognized the potential viability of Defendant's defenses, *i.e.,* Defendant's contention that Plaintiffs' time worked was tracked using time cards, the Plaintiffs attested to their total hours worked on a weekly basis and that Plaintiffs did not work "off the clock" in accordance with Defendant's written policy which prohibits work "off the clock." *Id.*

Plaintiffs and their counsel discussed the alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based

upon their independent calculations and represent they voluntarily agreed to the terms of their settlements; all Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. *Id.* Plaintiffs and Defendant agreed that Plaintiff Luckett will be paid $3,250.00 inclusive of liquidated damages and Plaintiff Owen will be paid $2,250.00 inclusive of liquidated damages which, they represent, are fair estimates of the alleged wages owed to Plaintiffs. *Id*. The parties contend that Plaintiffs' acceptance of Defendant's offer is reasonable as the Plaintiffs will be receiving all or most of their underlying FLSA damages claimed. *Id*.

The parties have agreed that Defendant will pay Plaintiffs' attorneys a total of $3,250 in attorney's fees and costs. Doc. 28-1 at 2, 7. Because Plaintiffs have received a significant portion of the amounts sought for wages and liquidated damages, and the amount attorney's fees ($3,250) is reasonable on its face[1], it is respectfully **RECOMMENDED** that the Joint Motion for Approval of Settlement Agreement (Doc. 28) be **GRANTED** and the Clerk be **DIRECTED** to close the file

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on December 16, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] The Court routinely awards fees at an hourly rate of $300-325, which for $3,250 total in fees, would account for ten hours work, which is also reasonable.